## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 11-167 (JRT/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR ACQUITTAL AND MOTION FOR A NEW TRIAL** |
| ANTHONY ALEX MUNOZ, | |
| Defendant. | |

Kevin S. Ueland, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Paul C. Engh, **PAUL ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402, for defendant.

The case is before the Court on defendant Anthony Alex Munoz's motion for acquittal and motion for a new trial.  On May 17, 2012, following a three-day jury trial, the jury found Munoz guilty of possession of child pornography.  Because the Court finds that the jury's verdict is supported by the evidence, it will deny Munoz's renewed motion for acquittal.  Because the Court finds that it did not err in denying Munoz's motion to suppress or in its instructions to the jury, it will deny Munoz's motion for a new trial.

## DISCUSSION

## I.       RENEWED MOTION FOR ACQUITTAL

Munoz moves for acquittal on the ground that the Court should find the jury's verdict insufficiently supported – he specifically argues that a question remains about whether he knew the specific items of child pornography were on his hard drive.

### A.       Standard of Review

Rule 29 of the Federal Rules of Criminal Procedure permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a), (c). The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is "no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999). In making this determination, the Court looks at the evidence in the light most favorable to the verdict, and accepts as established all reasonable inferences supporting the verdict. *United States v. Aponte*, 619 F.3d 799, 804 (8th Cir. 2010). "Reversal is warranted only if no reasonable jury could have found guilt beyond a reasonable doubt." *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012).

### B.       Munoz's Motion

Munoz argues that there was insufficient evidence to sustain the jury's determination that he knew the child pornography was on his computer. The United States offered evidence that Munoz had made statements to the FBI in which he admitted

sending and receiving images online and that he told the FBI child pornography would be found in a specific folder on his computer.  An FBI agent testified that, in addition to the six indicted images, more than 1800 images of child pornography were found on Munoz's computer.  Viewing this evidence in the light most favorable to the verdict, the Court finds that there was adequate evidence to support the jury's determination of Munoz's knowledge as well as the other elements of the offense.  Munoz's Rule 29 motion will be denied.

## II.     MOTION FOR A NEW TRIAL

Munoz moves for a new trial on the grounds that the Court erred in denying his motions to suppress and in giving Jury Instruction 19.

### A.     Standard of Review

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "The district court has broad, but limited, discretion to grant or deny a motion for a new trial based on the sufficiency of the evidence, and it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict."  *United States v. Vega*, 676 F.3d 708, 722 (8th Cir. 2012) (internal quotation marks and citations omitted).  But motions for a new trial should be granted "sparingly and with caution" and "only if the evidence weighs so heavily against the verdict that a miscarriage of justice may have occurred."  *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009).

**B.      Munoz's Motions to Suppress**

Munoz argues that the Court erred in denying his motions to suppress evidence obtained through the execution of a search warrant and to suppress his statements to the FBI.   These issues were previously addressed in an evidentiary hearing before the Magistrate Judge, in a Report and Recommendation (July 5, 2011, Docket No. 28), and in an Order adopting the Report and Recommendation (Sept. 7, 2011, Docket No. 32).   The Court found that the search warrant was supported by probable cause and that Munoz's statements to the FBI were voluntary.   Munoz offers no new argument as to why this Court's order was incorrect.   The Court finds no reason to reconsider its ruling, and will therefore deny Munoz's motion for a new trial on this ground.

**C.      Jury Instructions**

Munoz also argues that the Court erred by providing the jury with Jury Instruction 19.   Munoz objects specifically to the part of the instruction that said, "knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts."   (Jury Instruction 19, May 16, 2012, Docket No. 71.)   Munoz contends that this instruction is "one-sided, comments on the evidence, and ventures an endorsement as to the manner and method of proof."   (Def.'s Mot. for New Trial at 2, May 30, 2012, Docket No. 81.)

The jury instructions, "taken as a whole" should "fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." *Moore v. United States*, 648 F.3d 634, 638 (8th Cir. 2011). "A district court possesses broad discretion in instructing the jury . . . ." *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 744 (8th Cir. 2010) (internal quotation marks omitted).

The Court concludes that the jury instructions were a correct statement of the law. *See, e.g.*, *United States v. Fabiano*, 169 F.3d 1299, 1303-05 (10th Cir. 1999) (discussing a virtually identical instruction).[1]   The defendant's knowledge could be proved by circumstantial evidence, *see United States v. Parker*, 267 F.3d 839, 845 (8th Cir. 2001), and an instruction to that effect is not an endorsement or comment on the evidence.  The Court will deny Munoz's motion for a new trial under Rule 33(a).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Defendant's Motion for Judgment of Acquittal [Docket No. 80] is **DENIED**.

2.   Defendant's Motion for a New Trial [Docket No. 81] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 25, 2012
at Minneapolis, Minnesota.

_____
s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

---

[1] *See also* 3 Sand et al., *Modern Federal Jury Instructions*, Instruction 62-24 (2011).